UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
        v.                         )   CRIMINAL ACTION
                                   )   NO. 04-10288-RWZ
JARED KNOWLTON,                    )
        Defendant,                 )
_____)

**MEMORANDUM AND ORDER FOR REVOCATION OF JARED KNOWLTON'S
RELEASE ON CONDITIONS
December 13, 2005**

**SWARTWOOD, C.M.J.**

I. Background

On June 29, 2004, a Criminal Complaint was filed, charging Jared Knowlton ("Mr. Knowlton") and others, with conspiracy to distribute and distribution of oxycodone.[1] On June 30, 2004, Mr. Knowlton appeared before me for his initial appearance in connection with the Criminal Complaint.

At Mr. Knowlton's initial appearance, the Government moved for detention and on July 2, 2004, I released Mr. Knowlton on conditions which included treatment for his admitted drug addiction.

---

[1] An Indictment was returned on September 22, 2004 charging Mr. Knowlton and others with these same offenses.

On July 27, 2005, I held a hearing on whether Mr. Knowlton's conditions should be revoked as the result of his having tested positive for use of heroin on July 7, 2005. Mr. Knowlton was resistant to in-patient substance abuse treatment, but at the conclusion of the hearing, was amenable to being placed at the Ryan House, in Lynn, Massachusetts, which is the residential component of the Center For Addictive Behavior. On July 28, 2005, I entered an Order amending Mr. Knowlton's conditions of release that included in-patient drug treatment at the Ryan House. (Docket No. 227).

On October 20, 2005, I further amended Mr. Knowlton's conditions of release in relevant part as follows:

> (1) The defendant shall not commit any offense in violation of Federal, State or Local laws while on release in this case
>
> . . .
>
> (q) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed, medical practitioner;
>
> (r) Submit to any method of testing required by the Pretrial Services Officer for determining whether the defendant is using a prohibitive substance . . .
>
> . . .
>
> (w) participate in Ryan House re-entry program until completion; attend daily 12 step meeting in the community; utilize sponsorship and build a recovery network that includes a "Home Group".

(Docket No. 251).

On December 1, 2005, Judith Oxford, the Pretrial Services Officer assigned to supervise Mr. Knowlton, filed a Memorandum informing the Court of Mr. Knowlton's relapse on heroin and recommended further drug treatment.

On December 5, 2005, I notified Pretrial Services Officer Oxford and counsel for the Government and Mr. Knowlton that I disagreed with Ms. Oxford's recommendation and scheduled a revocation hearing.

On December 12, 2005, a revocation hearing was held and following that hearing, I revoked Mr. Knowlton's conditions of release and remitted him to the custody of the United States Marshal for pretrial detention.

## II. Findings of Fact

1. Mr. Knowlton was released from custody on July 2, 2004, on conditions that he seek drug treatment and refrain from possession or use of illegal drugs.

2. On August 10, 2004, Mr. Knowlton tested positive for the use of marijuana. At first, Mr. Knowlton denied but later admitted his drug use. At the time, Mr. Knowlton was participating in an out-patient drug treatment program.

3. On March 8, 2005, Mr. Knowlton tested positive for the use of oxycodone. Mr. Knowlton initially denied this use but later admitted to Ms. Oxford that he had used oxycodone. Ms. Oxford took

no steps to revoke Mr. Knowlton's release at that time as she felt he was making a conscientious effort in dealing with his drug addiction.

    4.   On July 7, 2005, Mr. Knowlton tested positive for the use of heroin. At first, Mr. Knowlton denied heroin use, but later admitted to Ms. Oxford that he had used heroin on five separate dates. Mr. Knowlton was emotionally distressed and wanted help. Ms. Oxford then made arrangements for Mr. Knowlton to be admitted into a detox facility. Upon completion of the detox program, Mr. Knowlton resisted being admitted into a residential treatment program. Mr. Knowlton then appeared before me on July 27, 2005 for a revocation hearing and at that time, I amended his conditions of release to include in-patient treatment at Ryan House. (Docket No. 227).

    5.   On November 14, 2005, Mr. Knowlton contacted Ms. Oxford and admitted that he had relapsed by using heroin. At a subsequent meeting with Ms. Oxford, Mr. Knowlton admitted that he had used heroin on November 11, 2005 while en route to a narcotics anonymous meeting when he met a friend, who was also in treatment, who offered Mr. Knowlton heroin. Mr. Knowlton used the heroin and while returning home, was stopped by Lynn Police for a traffic violation. Mr. Knowlton told police that he had used heroin and that he was having a drug induce seizure.

6. The police arranged for emergency personnel to take Mr. Knowlton to the hospital. Mr. Knowlton then admitted to Ms. Oxford that he had been "faking" his recovery efforts throughout his stay at Ryan House and since leaving Ryan House, he felt no benefit from attending narcotics anonymous meetings. Ms. Oxford then made some suggestions for Mr. Knowlton's on-going drug treatment. Mr. Knowlton was slow in responding to these suggestions and failed to make arrangements for further drug treatment, but did try to make arrangements for returning to school.

### III. Discussion

Section 3148(b) provides that the judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –

(1) finds that there is –

    (A) probable cause to believe that the person has committed a Federal, State or local crime while on release; or

    (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that –

    (A) based on the factors set forth in §3142(g) of this Title, there is no condition of combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person in the community; or

>   (B) the person is unlikely to abide by any condition or combination of conditions of release.

In this case, the Government asserts that Mr. Knowlton's conditions of release should be revoked on the grounds that there is probable cause to believe that he has committed a criminal offense (use of illegal drugs) while on release and clear and convincing evidence that he has violated other conditions of his release (use and possession of illegal drugs).

### A. Whether Mr. Knowlton Violated His Conditions of Release

I find that there exists probable cause to believe that Mr. Knowlton has committed a crime while on release. Mr. Knowlton has admitted on at least four separate occasions that he has used illegal drugs. I further find by clear and convincing evidence that this use and possession of illegal drugs is a breach of Mr. Knowlton's conditions of release.

### B. Whether Detention Is Warranted

Since I have found that Mr. Knowlton has committed a criminal offense while on release, a rebuttable presumption arises that no condition or combination of conditions will assure that he will not pose a danger to the safety of any other person or the community if he were released. I find that Mr. Knowlton has failed to rebut the presumption. Nevertheless, I will examine whether, in accordance with Section 3142, there are any conditions or combination of

conditions that will assure the safety of the community if Mr. Knowlton is released.

It is obvious that Ms. Oxford has bent over backwards to accommodate Mr. Knowlton and his several relapses in using illegal drugs. Additionally, I gave Mr. Knowlton a break in July 2005 after he had used heroin on five separate dates by ordering him to participate at an in-patient drug treatment program. Although Mr. Knowlton successfully completed that program, he later admitted to Ms. Oxford that he was essentially going through the motions of drug treatment and was not successfully addressing his addiction. Within a month of leaving in-patient care, Mr. Knowlton again used heroin. Therefore, I find that if Mr. Knowlton were released, he is unlikely to stop using illegal drugs. Furthermore, given Mr. Knowlton's lack of commitment to treatment for his addiction, I do not find that further treatment would be beneficial, nor are there any other conditions that I could impose which would prevent his use of illegal drugs. I am also concerned that Mr. Knowlton used illegal drugs while operating a motor vehicle. While Mr. Knowlton was not charged with any offense, the fact that he had a drug induced seizure while driving an automobile demonstrates that his drug use not only makes him a danger to himself, but also to others in the community. Therefore, considering all of these circumstances, I have revoked Mr. Knowlton's conditions of release and have ordered him detained pending trial.

V.   Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Knowlton be committed to the custody of the Attorney General, or her designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Knowlton be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Knowlton is detained and confined shall deliver Mr. Knowlton to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE