UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Jared C. Knowlton,           )
                             )
        Petitioner,          )
                             )
v.                           )  Docket No. _____
                             )
DAVID L. WINN, Warden        )
Federal Medical Center, Devens )
                             )
        Respondent           )
                             )
_____)

## MOTION TO EXPEDITE

Jared C. Knowlton, Petitioner, hereby requests the Court to expedite the time within which Respondent must reply to Petitioner's Writ of Habeas Corpus upon the following grounds:

1. Petitioner filed a Writ of Habeas Corpus requesting that the Court order that the Petitioner be given the benefit of six (6) months halfway house treatment under 18 USC §3621(b) and §3624(c), and the applicable Bureau of Prisons (BOP) policy. The BOP currently applies a categorical rule of giving halfway house time of 10 percent of Petitioner's sentence. Petitioner relies on four Federal Circuit Court decisions and a recent decision of the Federal District Court of Massachusetts in Putnam v. Winn,* Memorandum and Order dated July 7, 2006, Civil Action No. 06-40068-PBS, all of which have found the 10 percent categorical rule invalid.

2. If the law in Putnam is applied, Petitioner should have received a halfway house assignment commencing October 31, 2006.

3. Petitioner requests that the Court limit Respondent's time to twenty (20) days to Petitioner's Writ as has been similarly been done in other petitions pending before the Court. Goodman v. Winn, Choquette v. Winn, Bullock v. Winn. The Court in those cases issued orders requiring the Respondent to respond to

1

---

* See also Tahajian, Donnell, Humiston and Todd.

Petitioner's Writ of Habeas Corpus within twenty (20) days of the written order.

4. Petitioner requests the same time frame within which Respondent must respond and that the matter be expedited in that further delay will essentially make the relief sought by Petitioner ineffective, or worse, moot.

5. There is a reasonable likelihood that if the instant request is not granted that the Petitioner will in all likelihood not be able to have his case decided in sufficient time for any meaningful relief.

6. Most importantly, the sixty (60) day response period to which a Respondent is entitled to in civil cases does not apply in habeas proceedings under 28 USC §2241.

7. Importantly, the Federal District Court of Massachusetts has already decided the issue presented in Petitioner's Writ in Putnam v. Winn.

8. Finally, each of the approximate thirty (30) lawsuits filed in connection with the issues presented in Petitioner's petition are exactly the same. Consequently, there is no burden on the Respondent to respond within twenty (20) days to this petition as the Respondent has already formulated his response for similar suits.

9. The longer the delay in disposing of each case including the instant case relating to the halfway house issue, the greater the likelihood for the issue to become moot as inmates are losing the remedy of halfway house placement for the six (6) months to which they are entitled under the law. At worst, Respondent is using the procedural timeframes as a tool to delay clearly meritorious claims. In short, there is no prejudice or burden on Respondent, but essentially a complete loss of remedy for the Petitioner if this suit is not expeditiously managed and heard.

10. Based upon the above, Petitioner requests that this matter be expedited to provide Petitioner sufficient time to benefit from any meaningful relief and

to that end that the Court require Respondent to respond within twenty (20) days from the Court's order regarding this request.

                                    RESPECTFULLY SUBMITTED,

                                    */s/ Jared C. Knowlton*
                                    Jared C. Knowlton

                                    25288 -038
                                    FMC DEVENS, CAMP I
                                    P. O. BOX 879
                                    AYER, MA   01432-0879

DATE:  October 2, 2006